UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                    Criminal No. 10-cr-55-01-JL

<u>Jacob James</u>

**O R D E R**

On November 15, 2012, defendant appeared for a preliminary hearing/probable cause hearing under Fed. R. Crim. P. 32.1 on one alleged violation of conditions of supervision, as charged in the government's petition dated November 13, 2012 (doc. no. 40). Defendant is on release from his conviction in 2010 for manufacturing counterfeit obligations, in violation of 18 U.S.C. § 471 and uttering counterfeit obligations, in violation of 18 U.S.C. § 472.

Defendant stipulated to probable cause on the violations. I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing

evidence that he will not flee and that he poses no danger to any other person or to the community.  The government did not argue that defendant was a flight risk; rather, the government asserted that defendant's release posed a danger to the community.  At the hearing, the court summarized its findings orally from the bench.  Those oral findings are incorporated herein.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet his burden of persuading the court that he poses no danger to any other person or to the community.

In sum, the court finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                              Landya B. McCafferty
                                              United States Magistrate Judge

Date: November 15, 2012

cc:   Jonathan R. Saxe, Esq.
      Jennifer C. Davis, Esq.
      U.S. Marshal
      U.S. Probation